**COURT OF APPEALS
DECISION
DATED AND FILED**

**March 4, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2020AP1598**

Cir. Ct. No. 2020FO479

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

GREG DOUGLAS GRISWOLD,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Grant County: ROBERT P. VAN DE HEY, Judge. *Affirmed.*

¶1 GRAHAM, J.[1] Greg Griswold appeals pro se from a judgment of conviction of a civil forfeiture, which was entered after the circuit court found him

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(g) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

guilty of violating WIS. STAT. § 26.12(5)(b). That statute prohibits setting unpermitted fires in certain areas of the state, but it contains an exception for fires that are set "for warming the person." Griswold contends that his fire fits within this exception, but I conclude that the trial evidence is sufficient to sustain the court's finding that it did not. Accordingly, I affirm.

## BACKGROUND

¶2 On May 4th, 2020, Griswold was clearing debris from a burned-down house located on his property. At approximately 8:00 p.m., he used some of the debris to start a fire. Shortly thereafter, Chief Jeff Hackl of the Muscoda Fire Department arrived at Griswold's property, informed Griswold that the fire was unlawful, and extinguished it. The incident was referred to a warden at the Wisconsin Department of Natural Resources, who cited Griswold for burning a fire without a permit in an extensive forest protection area contrary to WIS. STAT. § 26.12 (5)(b); *see also* WIS. ADMIN. CODE § NR 30.02 (through February 2021) (defining "extensive forest fire control areas").

¶3 Griswold entered a not guilty plea and represented himself at a trial before the circuit court. During the trial, Griswold admitted that he started a "very small" fire to "get[] warm that night," and that he put an old mattress box spring on top of the fire to act as "a spark arrester." He argued that the fire he started fit within the statute's exception for warming fires.

¶4 Chief Hackl also testified at the trial. According to Chief Hackl, on the night of the fire, "[Griswold] stated to me that he was going to get rid of some of the wood so he didn't have to take it to the town dump. He never said anything about warming by it or nothing that I recall."

¶5     In closing, Griswold argued that his conduct fell within the exception because he was burning debris "and getting warm at the same time." The circuit court disagreed. In determining that the warming exception did not apply, it remarked that "the exception only applies in law if it applies in fact," and that "telling the fire department that you were just burning up some stuff to not have to take it to the dump is different than, you know, saying it's just to keep you warm." The court also commented that "usually when someone's working, they don't need a fire to keep them warm[.]" Therefore, the court concluded that the State had met its burden to prove Griswold violated the statute.[2] Griswold appeals.

## DISCUSSION

¶6     According to Griswold, the circuit court found him guilty based on an erroneous interpretation of WIS. STAT. § 26.12(5)(b). Griswold contends that this appeal presents a matter of statutory interpretation, a question of law, and a significant portion of his brief is devoted to arguments about the proper method for interpreting statutes. He argues that the language of the statute is "clear" and "spectacularly" unambiguous, and that he did not need a permit for his fire because he was using it to warm himself.

---

[2] There was also testimony that, even if Griswold had had a permit, the fire would have violated the statewide burn ban that was in effect at the time due to the COVID-19 pandemic. We address this testimony no further, since neither the citation that was issued nor the circuit court's judgment of conviction were based on any statewide burn ban. Both were based on a violation of WIS. STAT. § 26.12(5)(b).

3

¶7    I do not agree with Griswold that this case turns on a matter of statutory interpretation or any question of law. WISCONSIN STAT. § 26.12(5)(b) provides in relevant part as follows:

> No person may set any fire except for warming the person or cooking food within the limits of any extensive forest protection area at any time during January through May except when the ground is snow-covered and during any other time of the year when so ordered by the department unless written permission has been received in advance from a duly appointed fire warden ….

During the trial, Griswold, the prosecuting attorney, and the circuit court all agreed that, if Griswold set the fire to warm himself, his fire would be exempt from the prohibition found in § 26.12(5)(b). The question before the circuit court was not about the meaning of the statute or its exception. Instead, the question was whether Griswold did in fact set his fire to warm himself. Accordingly, the issue on appeal is a factual one—whether the evidence was sufficient to support the court's finding that Griswold did not set the fire to warm himself.

¶8    Natural resource forfeitures must be proven by clear, satisfactory and convincing evidence. *See* WIS. STAT. § 23.76. An appellate court will not reverse the circuit court's factual findings on appeal unless the great weight and clear preponderance of the evidence supports a contrary finding. ***City of Madison v. Geier***, 27 Wis. 2d 687, 690, 135 N.W.2d 761 (1965). *See also* ***Cogswell v. Robertshaw Controls Co.***, 87 Wis. 2d 243, 250, 274 N.W.2d 647 (1979). When reviewing the sufficiency of the evidence, I view it in the light most favorable to sustaining the verdict. *See* ***Outagamie Cnty. v. Michael H.***, 2014 WI 127, ¶21, 359 Wis. 2d 272, 856 N.W.2d 603. When the evidence supports more than one reasonable inference, I will accept the inference drawn by the circuit court.

*Stevenson v. Stevenson*, 2009 WI App 29, ¶14, 316 Wis. 2d 442, 765 N.W.2d 811.

¶9      Here, I conclude that there is credible evidence to support the circuit court's finding that Griswold did not set the fire to warm himself.  First, the court reasonably credited the testimony from Chief Hackl that, on the night of the fire, Griswold "never said anything about warming by [the fire]" and instead said he started the fire "to get rid of some of the wood so he didn't have to take it to the town dump."  From this testimony, the circuit court inferred that the real reason Griswold started the fire was to save himself a trip to the dump, and that he only testified about warming after he learned about the warming exception in the statute.  Second, the court also inferred that Griswold should not have needed a fire to stay warm at 8:00 p.m. in early May while performing manual labor.  Even if the court could have drawn other inferences, I will accept these reasonable inferences drawn by the circuit court.  *Stevenson*, 316 Wis. 2d 442, ¶14.

¶10     As I read his brief, Griswold appears to argue that the circuit court was required to credit his testimony that he was using the fire to warm himself as an established fact.  I disagree.  The circuit court is the "ultimate arbiter" of witness credibility during a bench trial, *Stevenson*, 316 Wis. 2d 442, ¶14, and as such, it was not required to credit Griswold's testimony.

¶11     Griswold also appears to argue that the State should not have been allowed to rely on contradictions between statements he made on the night of the fire and statements he made at trial, and that those contradictions should not have been persuasive to the circuit court.  Griswold contends that he "had zero obligation to have even spoken with First Chief Hackl, much less spontaneously have volunteered to Chief Hackl precisely what all was the circumstance of

Griswold's evening's fire being enjoyed prior to its extinguishment." This argument is not well developed and not supported by any authority, and I could decline to address it on that basis. *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). However, this argument also fails on the merits. The court did not conclude that Griswold was obligated to give any reasons to Chief Hackl at all, and the court was permitted to consider the change in Griswold's story when evaluating his credibility.

¶12     In sum, I conclude that the evidence and testimony introduced at trial were sufficient to support the circuit court's findings. Griswold does not persuade me that the great weight and clear preponderance of the evidence supports a contrary finding that his fire fits within WIS. STAT. § 26.12(5)(b)'s exception for warming fires. Accordingly, I affirm the judgment of conviction.[3]

---

[3] Griswold makes a number of additional assertions in his appellate briefs, many of which were not raised in the circuit court and are not well developed on appeal. *See Schill v. Wisconsin Rapids Sch. Dist.*, 2010 WI 86, ¶45 & n.21, 327 Wis. 2d 572, 786 N.W.2d 177 (appellate courts generally do not address issues that were forfeited by the parties' failure to raise them in the circuit court); *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (appellate courts need not address undeveloped arguments, including arguments unsupported by adequate factual citation or legal authority). We briefly address some of Griswold's additional arguments to show why they lack merit, were forfeited, or are underdeveloped.

Griswold suggests that the State or the court treated him as an "arsonist," but Griswold was charged with a civil forfeiture for an unpermitted fire, not with arson.

Griswold contends that the warden who issued the citation lacked "personal knowledge of the actual alleged infraction," and therefore, erroneously used "professional discretion" in issuing the citation. Griswold's brief does not cite to any part of the trial record where he advanced this argument, and on appeal, he does not cite any legal authority for the proposition that the warden was required to have personal knowledge of the infraction.

Griswold contends that the prosecutor "readily fully concede[d] Griswold's absolute complete innocence," but the portions of the transcript he cites do not contain any such concession.

(continued)

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

To the extent that Griswold's briefs can be construed to advance any additional arguments not specifically addressed in this opinion, I deem any such arguments insufficiently developed to require a response. *See **Pettit**,* 171 Wis. 2d at 646-47.